UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) ) |
| Plaintiff, | ) **CONTEMPT PROCEEDING** ) ) Main Case**:** C.A. No. 11-CV-30134-WGY |
| v. | ) ) |
| METZ FAMILY ENTERPRISES, LLC and WESTWOODS AVIATION II, INC. | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR CONTEMPT

Plaintiff General Electric Capital Corporation ("GE Capital"), by and through its

undersigned attorneys, hereby complains for contempt against the below named

Defendants and their agents, servants, employees, persons under or subject to their

control, persons acting or purporting to act on their behalf, and persons who had actual

knowledge of this Court's June 2, 2011 Order and who have nonetheless violated or

permitted the violation of the Order.  Against these persons, GE Capital complains as

follows:

## JURISDICTION

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§1331 because GE Capital's claims arise, in part, under the Cape Town Convention and

Protocol, an international treaty to which the United States is a signatory.

2.      The Court has the power to enforce its Orders via this contempt

proceeding pursuant to 18 U.S.C. §401 and the Court's inherent powers.

1

**PARTIES**

3.      Plaintiff GE Capital is a Delaware corporation having a place of business

at 44 Old Ridgebury Road, Danbury, Connecticut, 06810.

4.      Upon information and belief, Metz is a New York limited liability

company and has an office located at 25 Mitchelltown Road, Sharon, Connecticut, 06069.

5.      Upon information and belief, Westwoods is a Delaware corporation and

also has an office located at 25 Mitchelltown Road, Sharon, Connecticut, 06069.

6.      Metz and Westwoods are collectively referred to hereinafter as

"Defendants."

**RELEVANT PROCEDURAL HISTORY**

7.      On May 13, 2011, GE Capital commenced this action as an ancillary

proceeding seeking repossession of an aircraft ("Aircraft") in aid of a pending

Connecticut state court action and based upon rights arising under: (1) an international

treaty known as the Convention on International Interests in Mobile Equipment and the

Protocol to the Cape Town Convention on Matters Specific to Aircraft Equipment; (2)

GE Capital's Promissory Note and Security Agreement with Metz and a related

Promissory Aircraft Security Agreement entered into by Metz and Westwoods; (3) the

Uniform Commercial Code as enacted under M.G.L. c.106 §9-609; and (4) a

Massachusetts state law replevin remedy made available through Fed. R. Civ. P. 64.

8.      Simultaneously with the commencement of the action, GE Capital moved

the Court *ex parte* to issue a Temporary Restraining Order enjoining Defendants from

transferring the Aircraft (the "TRO Motion").  The Court held a hearing on the TRO

Motion on May 26, 2011, which Defendants did not attend.  At the May 26, 2011

hearing, the Court heard argument on the TRO Motion but declined to issue a decision

and instead scheduled an injunction hearing for June 2, 2011.

9.     On June 1, 2011, GE Capital filed and served a Motion for Preliminary Injunctive Order of Possession with a proposed order ("Injunction Motion") in connection with the June 2, 2011 hearing.  At the June 2, 2011 hearing, which the Defendants also did not attend, the Court heard argument on the Injunction Motion, entered the order as proposed by GE Capital (the "Order") and terminated the case.  A true and accurate copy of the Order is attached hereto as Exhibit A.

10.     The Order permitted GE Capital and/or its agent to take possession, operational control and custody of the Aircraft and to export it to a facility controlled by GE Capital and further enjoined Defendants or their agents from interfering with GE Capital's efforts in this regard.

11.     The Order also required Defendants to "execute a bill of sale transferring ownership of the Aircraft to Canal Air," which is GE Capital's agent.  Additionally, the Order requires Defendants to register and appoint agents necessary to register and sell the Aircraft to GE Capital.

### DEFENDANTS HAVE NOTICE OF AND VIOLATE THE ORDER

12.     On June 6, 2011, GE Capital's counsel served a copy of the Order on Defendants' counsel.  A true and accurate copy of the email enclosing the Order to Defendants' counsel is attached hereto as Exhibit B.  GE Capital also served a copy of the Order on Defendants via the Connecticut State Marshal on June 7, 2011.  A true and accurate copy of the Marshal's return of Service is attached hereto as Exhibit C.

13.     On or about June 14, 2011, GE Capital also spoke with Defendants' counsel via telephone, and Defendants' Counsel acknowledged that he was aware of the Order and that he would advise his clients to comply with the Order.  Per Defendants'

counsel's request, the next day, June 15, 2011, GE Capital's counsel sent Defendants'
counsel the bills of sale ("Bills of Sale") identified in the Order for execution by
Defendants.  A true and accurate copy of the email enclosing the Bills of Sale to
Defendants' counsel is attached hereto as Exhibit D.

14.     Thus far, Defendants have refused to execute the Bills of Sale and have
failed to communicate with GE Capital's counsel regarding their noncompliance with the
Order.

15.     Instead of complying with the Order, on June 21, 2011, Defendants' newly
retained Massachusetts counsel appeared in this action and filed a Motion to Reopen
Case, Vacate the Court's June 2 Order, and Dismiss the Action ("Motion to Reopen").
Through the Motion to Reopen, Defendants contend, among other things, that this Court
is not the proper forum to hear GE Capital's claims and, therefore, the Order should be
vacated and the action dismissed.

16.     On June 23, 2011, GE Capital responded to Defendants' Motion  to
Reopen via letter. In the June 23, 2011 letter, GE Capital requested that Defendants
execute the Bills of Sale and withdraw the Motion to Reopen given that it lacked merit.
A true and accurate copy of the June 23, 2011 letter (inadvertently dated June 22, 2011)
is attached hereto as Exhibit E.  In the June 23, 2011 letter, GE Capital also warned
Defendants that if they did not execute the Bills of Sale and withdraw the Motion to
Reopen by on or before 5:00 p.m. on June 24, 2011, GE Capital would pursue contempt
proceedings against GE Capital and/or its attorneys for violating the Order as well as
pursue other sanctions.

4

17.     Instead of executing the Bills of Sale or withdrawing the Motion to Reopen, on June 27, 2011 Defendants' Massachusetts counsel sent a letter to GE Capital's counsel.  A true and accurate copy of the June 27, 2011 letter is attached hereto as Exhibit F.  In the letter, Defendants' counsel reiterated Defendants' position in the Motion to Reopen and stated that Massachusetts counsel "would not be the lawyer with whom you would have this discussion [about executing the Bills of Sale]."

### COUNT I
### (Violation of June 2, 2011 Order)

18.     GE Capital repeats and realleges the preceding allegations as if set forth fully herein.

19.     The Court's Order clearly and unequivocally required Defendants to "execute a bill of sale transferring ownership of the Aircraft to Canal Air."

20.     Nevertheless, in contempt of the Court's Order, Defendants have failed and refused to execute the Bills of Sale.

### REQUEST FOR RELIEF

WHEREFORE, GE Capital requests that the Court:

1.     ISSUE a show cause Order directing the parties to appear before the Court not later than ten (10) days thereafter for the purpose of: (a) showing why Defendants are not in contempt; (b) setting a deadline for Defendants to answer this Complaint; and (c) considering such other matters or performing such other acts as the Court may deem appropriate;

2.     FIND the Defendants and those who participated in, or authorized, the acts of contempt with knowledge of this Court's Order also to be in contempt;

5

     3.      AWARD GE Capital all damages incurred in obtaining Defendants'

compliance with the Order, including the attorneys fees and costs of filing this Complaint

for Contempt; and

     4.      grant such other relief as this Court deems just and proper.

GENERAL ELECTRIC CAPITAL
CORPORATION,

By its attorneys

 /s/ Peter Antonelli
Thomas H. Curran, BBO #550759
tcurran@mccarter.com
Peter Antonelli (BBO# 661526)
pantonelli@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA  02110-3113
Telephone: (617) 449-6500
Facsimile: (617) 607-9200

July 6, 2011

## CERTIFICATE OF SERVICE

     I, Peter Antonelli, hereby certify that, on this 6th day of July, 2011, the foregoing
Complaint for Contempt was electronically filed with the Clerk of the Court using the
CM/ECF system and will be sent electronically to the registered participants as identified
on the Notice of Electronic Filing (NEF).

/s/ Peter Antonelli